**Opinion issued January 28, 2020**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-18-00386-CV

—————————————

**GARY DONELSON GUION, Appellant**

**V.**

**LAURA PAIGE GUION, Appellee**

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-57586**

## O P I N I O N

In this suit affecting the parent-child relationship (SAPCR), father, Gary Donelson Guion, petitioned for modification of the sole managing conservatorship of mother, Laura Paige Guion, to impose a geographic restriction on her right to designate their child's primary residence, as well as additional modifications

affecting possession and access to the child and transfer of the child's passport. Laura filed a motion to dismiss Gary's petition, and the trial court granted her motion. In this appeal of the trial court's dismissal order, Gary contends that the trial court erred in (1) dismissing his claim for modification of conservatorship based on an incorrect legal conclusion, (2) dismissing his additional claims based solely on the argument of counsel, and (3) ordering him to pay Laura's attorney's fees.

We reverse the trial court's order dismissing Gary's modification suit and awarding Laura attorney's fees, and we remand the case to the trial court.

## Background

Laura and Gary were divorced in Dallas County, Texas, in 2016. The issue of conservatorship of the parties' four-year-old child, H.D.G., was tried to a jury. On July 22, 2016, the jury returned its verdict that Laura should be named sole managing conservator, and the trial court rendered a final decree of divorce pursuant to the jury's verdict on that same day.[1] In addition to naming Laura sole managing conservator and Gary possessory conservator of H.D.G., the decree set forth Laura's rights as sole managing conservator, including the exclusive right to designate H.D.G.'s primary residence without geographic restriction.

---

[1] Although the trial court did not sign the parties' final decree of divorce until October 20, 2016, the final decree stated that it was rendered on July 22, 2016.

On July 24, 2017, Gary filed a petition to modify the parent-child relationship, alleging that circumstances had materially and substantially changed since the rendition of the parties' divorce decree. Gary asked the Dallas County trial court to modify the decree to restrict Laura's right to designate H.D.G.'s primary residence to Harris, Dallas, and Travis counties and the counties contiguous thereto. Gary also requested that the trial court modify the decree's terms of possession to state that at the end of his periods of possession, he would surrender H.D.G. "at a location equidistant between" the parties' residences. He also requested that the trial court add provisions for long distance access and visitation, international travel (and notice of same), and possession of H.D.G.'s passport.

After Laura filed her answer, the suit was transferred to Harris County, where Laura filed the motion to dismiss Gary's modification petition and to award sanctions that is the subject of this appeal. In her motion to dismiss, Laura alleged that Gary "failed to show any material and substantial change of circumstances" and that the modifications he sought "were all contemplated in the decree." Laura also requested attorney's fees as sanctions under Texas Family Code section 156.005 and Texas Rule of Civil Procedure 13 "for frivolous filing of suit for modification," alleging that Gary's petition had "no basis in law or fact," was "not warranted by a good-faith argument for the extension, modification, or reversal of existing law,"

and was "intended to harass" her. The record does not indicate that Gary filed a response to Laura's motion to dismiss.

On February 22, 2018, the Harris County trial court held a hearing on Laura's motion to dismiss. At the hearing, Gary's counsel argued that material and substantial changes had occurred, that he "would move to show that [Laura] has since remarried, that at the time of the rendition of the underlying order, she lived in Boulder, Colorado," and that "[s]he has since moved, relocated here to Houston." He also stated that Gary would testify that he lived in Dallas at the time the divorce decree was rendered and that he now lives in Austin. Laura's counsel argued that because the decree did not include a geographic restriction on Laura's right to designate H.D.G.'s primary residence, her recent move to Houston was contemplated at the time of the decree and, therefore, was not a change in circumstances.

The trial court declined to hear testimony, stating, "I think the issue before the court is more fundamental and not fact based, so I do not need to hear any fact witnesses, other than [Laura's counsel], if you want to put on evidence on your requested attorney fees." Laura's counsel then testified regarding his fees.

At the conclusion of the hearing, the trial court orally granted Laura's motion to dismiss Gary's modification suit and assessed $5,000.00 in attorney's fees against Gary. The trial court explained that it was ruling "on the basis of fact" because

4

"fundamentally in the State of Texas, if you're named a Sole Managing Conservator, I cannot impose a domicile restriction."

Several days after the hearing, Gary filed a motion to reconsider, bringing the trial court's attention to specific provisions of the Family Code that he argued established that "a sole managing conservator can be restricted geographically." The record does not indicate that the trial court ruled on this motion.

On March 12, 2018, the trial court signed an order granting Laura's motion to dismiss and ordering Gary to pay $5,000.00 in attorney's fees to Laura's counsel. Two days later, Gary filed a motion to amend the judgment, and after several weeks passed with no ruling on that motion, he filed a first amended motion to modify, correct, or reform the judgment pursuant to Texas Rule of Civil Procedure 329b. *See* TEX. R. CIV. P. 329b (governing motions to modify, correct, or reform judgments). Both motions pointed out that the trial court's dismissal order did not include findings to support an award of sanctions under Rule 13 and requested that the trial court amend the order to reflect the basis of the attorney's fees award.

On May 30, 2018,[2] the trial court signed an order granting Laura's motion to dismiss, stating that, "It is therefore the position of this Honorable Court that the Court cannot impose a domicile restriction on a Sole Managing Conservator in a

---

[2] The trial court signed this order after holding a hearing on Gary's motion to sign a corrected order to remove the word "Agreed" that had been handwritten on yet another dismissal order the trial court had signed on April 12, 2018.

5

subsequent modification action," and ordering, without making any supporting findings, that Gary pay $5,000.00 in attorney's fees to Laura's counsel. Gary appeals this order.

**Nature of Motion**

The Texas Rules of Civil Procedure do not authorize motions to dismiss suits affecting the parent-child relationship, such as Gary's modification suit, other than in limited circumstances, such as for lack of jurisdiction, want of prosecution, and, in certain circumstances inapplicable here, when a party fails to include the requisite allegations and affidavit for modification suits filed pursuant to Family Code section 156.102.[3] *See In re Sisk*, No. 14-13-00785-CV, 2014 WL 5492804, at *5 (Tex.

---

[3] Section 156.102, which has certain procedural requirements, applies to suits to modify the exclusive right to designate a child's primary residence that are filed within one year of the order to be modified. *See* TEX. FAM. CODE ANN. § 156.102. Although Laura argues on appeal that Gary failed to meet the specific pleading and proof requirements for such a modification, she failed to make that argument in her motion to dismiss. *See* TEX. R. APP. P. 33.1(a)(1) (stating that to preserve complaint for appellate review, complaining party must present complaint to trial court by timely request, objection, or motion). In any event, we note that Gary filed his petition on July 24, 2017, just outside the one-year window, which began to run not, as Laura argues, on October 20, 2016—the date the trial court signed the parties' divorce decree—but on the date the decree states that it was rendered—July 22, 2016. *See* TEX. FAM. CODE ANN. § 156.102 (stating that section 156.102 applies to suits "filed not later than one year after the earlier of the date of the rendition of the order or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based"); *see also In re K.R.Z.*, No. 04-14-00876-CV, 2015 WL 4478123, at *2 (Tex. App.—San Antonio July 22, 2015, no pet.) (mem. op.) (recognizing that one-year period in section 156.102(a) begins on date of rendition of order to be modified, not on date order was signed); *In re C.H.*, No. 02-13-00312-CV, 2014 WL 3891636, at *3 (Tex. App.—Fort Worth Aug. 7, 2014,

App.—Houston [14th Dist.] Oct. 30, 2014, pet. denied) (mem. op.) (holding that parents' motion to dismiss disabled adult child's petition for child support was "not recognized under the Texas Rules of Civil Procedure or the Texas Family Code," and therefore was not proper vehicle for disposing of petition); *see also* TEX. R. CIV. P. 165a(1) (authorizing dismissal for want of prosecution); TEX. FAM. CODE ANN. § 155.102 (requiring dismissal if court determines that another court has "continuing, exclusive jurisdiction" of child that is subject of suit); *id.* § 156.102(c) (requiring denial of relief conducting hearing if party fails to meet specific pleading and proof requirements in suits to modify exclusive right to determine child's primary residence brought within one year of rendition of order to be modified).

Moreover, Rule 91a, which provides for motions to dismiss baseless causes of action on the pleadings and without evidence, specifically excepts cases brought under the Family Code. *See* TEX. R. CIV. P. 91a.1 (describing procedure for seeking dismissal of baseless cause of action and excluding cases brought under Family Code); 91a.6 (stating that, in cases where Rule 91a applies, court "may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action"). Accordingly, because Laura did not provide, nor can we find, any authority for dismissal of Gary's claims based on the argument in

---

no pet.) (mem. op.) (same). Section 156.102, therefore, does not apply to this modification proceeding.

her motion to dismiss that Gary failed to show a material and substantial change in circumstances, we conclude that the motion to dismiss was an improper vehicle for dismissal of Gary's petition on that basis. *See In re Sisk*, 2014 WL 5492804, at \*4–5 (holding that parents' motion to dismiss child support petition was not proper because "[t]he Texas Rules of Civil Procedure do not provide for a defendant's motion to dismiss in cases brought under the Texas Family Code, except for want of prosecution or lack of jurisdiction"); *In re D.K.M.*, 242 S.W.3d 863, 865–66 (Tex. App.—Austin 2007, no pet.) (reversing trial court's order granting motion to dismiss in paternity suit because motion to dismiss was not recognized by rules of civil procedure).

We recognize, however, that the nature of a motion is determined by its substance rather than its title, and that courts, accordingly, sometimes treat motions to dismiss as summary-judgment motions. *See* TEX. R. CIV. P. 71 ("When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."); *Cuba v. Williams*, No. 01-18-00122-CV, 2019 WL 1716061, at \*2–3 (Tex. App.—Houston [1st Dist.] Apr. 18, 2019, no pet.) (mem. op.) (treating motion to show cause why case should not be dismissed for failure to timely serve defendant as summary-judgment motion where movant filed motion twenty-one days prior to hearing, cited to summary-judgment cases in support of motion, and requested that trial court take judicial

notice of its own record as evidence, and nonmovant filed response more than seven days prior to hearing and attached affidavit and other evidence); *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.) (treating motion to dismiss that asserted affirmative defense as summary-judgment motion where record showed summary-judgment procedure was used including filing motion twenty-one days prior to hearing and parties presenting evidence to support positions).

We decline to treat Laura's motion to dismiss Gary's modification petition as a motion for summary judgment, however, as the record does not indicate that the parties complied with the summary-judgment procedures set forth in the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 166a (setting forth summary judgment procedures); *see also In re D.K.M.*, 242 S.W.3d at 865–66 (refusing to construe motion to dismiss based on limitations as summary-judgment motion, stating that summary-judgment rule contains procedural safeguards to ensure that merits are not determined before nonmovant has had adequate time for discovery and opportunity to respond). Furthermore, the parties themselves did not treat the proceedings as summary-judgment proceedings—Laura did not attach affidavits or evidence to her motion, Gary did not file a response, and at the hearing on the motion to dismiss, counsel for both parties stated that their clients were present and prepared to testify. *See In re Sisk*, 2014 WL 5492804, at *4–5 (holding, on review of motion to dismiss

9

petition for child support, that because appellate court could not "determine the procedural basis [the movant] invoked to seek dismissal," it would not treat motion as summary-judgment motion because movants did not file affidavits or evidence with motion and trial court issued findings of fact and conclusions of law).

We can and do, however, construe Laura's motion as, in part, a motion to dismiss a claim with no basis in law or fact under Texas Rule of Civil Procedure 13, without taking into account the prohibition against moving to dismiss claims in family court cases set out in Rule 91a.1. *See* TEX. R. CIV. P. 91a.1 (stating that "[e]xcept in a case brought under the Family Code . . . a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact," and "[a] cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought"). Rule 13 provides for sanctions against a party or attorney who signs "a pleading, motion, or other paper" that is "groundless and brought in bad faith or groundless and brought for the purpose of harassment." TEX. R. CIV. P. 13. And Rule 13 defines "groundless" not only as having "no basis in law or fact" but also as "not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.* Apparently, the trial court determined that Gary's suit for modification was groundless and brought in bad faith under Rule 13, although, in this regard too, it failed to hold the required evidentiary hearing. *See id.* ("If a pleading, motion or

10

other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction . . . ."); *Bisby v. Dow Chem. Co.*, 931 S.W.2d 18, 21(Tex. App.—Houston [1st Dist.] 1996, no pet.) ("Before sanctions may be imposed, the trial court must hold an evidentiary hearing to make necessary factual determinations about the motives and credibility of the person signing the alleged groundless petition.").

We turn, therefore, to the trial court's ruling that "the Court cannot impose a domicile restriction on a Sole Managing Conservator in a subsequent modification action," its dismissal of Gary's petition to modify on that basis, and its order that Gary "pay attorney's fees in the amount of five thousand dollars ($5,000) to [Laura's] counsel of record."

## Modification of Sole Managing Conservatorship

In his first issue, Gary argues that the trial court erred in concluding that Texas law does not authorize the imposition of a geographic restriction on a child's residence where a parent has been named sole managing conservator. We review the trial court's conclusions of law de novo. *Smith v. Karanja*, 546 S.W.3d 734, 738 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

Laura did not argue to the trial court—either in her motion to dismiss or at the hearing on the motion—that Texas law does not authorize the modification of a sole managing conservatorship to restrict the right to designate a child's primary

11

residence as Gary requested in his petition. And neither the dismissal order nor the hearing transcript offers insight into or authority for the trial court's reasoning in drawing this legal conclusion. We therefore consult the applicable Family Code provisions and caselaw construing them to determine whether the trial court's legal conclusion was correct.

In a suit affecting the parent-child relationship, the trial court may modify an order that provides for the conservatorship of a child. TEX. FAM. CODE ANN. § 156.001 ("A court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child."). Family Code section 156.101 sets forth the grounds for such modification. *Id.* § 156.101. Pertinent here, a trial court may modify an order that appoints a child's conservator or "provides the terms and conditions of conservatorship" if modification would be in the best interest of the child and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the order was rendered. *See id.* § 156.101(a)(1). Thus, under the plain terms of section 156.101, Gary was entitled to a modification of the terms of Laura's conservatorship if he could establish that a material and substantial change in circumstances had occurred since rendition of the divorce decree just over a year earlier, and that the modification he sought was in H.D.G.'s best interest. *See id.*

Notably, section 156.101 does not expressly limit the trial court's power to modify a conservatorship. And we have found nothing in the Family Code or relevant caselaw suggesting that a trial court cannot modify a divorce decree to add restrictions that it could have ordered in the first instance. Because it is immaterial that Gary's request is asserted in a modification proceeding, as opposed to an original divorce proceeding, the question we must answer is, can a trial court impose a geographic restriction on a sole managing conservator's right to designate a child's primary residence?

The right of a sole managing conservator to designate a child's primary residence derives from Family Code section 153.132, which lists the "exclusive rights" of a parent who is appointed sole managing conservator. *Id.* § 153.132. One of these rights is the right to designate the child's primary residence.[4] *Id.*

---

[4]  Section 153.132 lists the following as the exclusive rights of a parent sole managing conservator:

(1) the right to designate the primary residence of the child;
(2) the right to consent to medical, dental, and surgical treatment involving invasive procedures;
(3) the right to consent to psychiatric and psychological treatment;
(4) the right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;
(5) the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;
(6) the right to consent to marriage and to enlistment in the armed forces of the United States;
(7) the right to make decisions concerning the child's education;

But under the statute's express terms, none of the exclusive rights listed are absolute: section 153.132 states that a parent sole managing conservator possesses the listed rights "[u]nless limited by court order." *See id.*; *see also In re A.S.*, 298 S.W.3d 834, 835–836 (Tex. App.—Amarillo 2009, no pet.) (stating that in section 153.132, "the legislature made it clear that the itemized rights were not absolute but rather subject to limitation"); *cf. In re Reiter*, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (describing list of exclusive rights as merely "statutory default allocation of the rights and duties of conservators"). Thus, according to the statute's plain terms, a trial court may restrict—or even eliminate—any of a parent sole managing conservator's rights, including the right to designate a child's primary residence. *See* TEX. FAM. CODE ANN. § 153.132.

Similarly, Family Code section 153.072, addressing parent conservatorships generally, provides that the trial court "may limit the rights and duties of a parent appointed as a conservator if the court makes a written finding that the limitation is in the best interest of the child." *Id.* § 153.072; *see In re D.R.S.*, 138 S.W.3d 467, 470 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (recognizing that trial court

---

(8) the right to the services and earnings of the child; and

(9) except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government.

TEX. FAM. CODE ANN. § 153.132.

"is expressly allowed by [Family Code section 153.072] to limit the rights and duties of a parent appointed as a conservator" if it makes written finding that such limitation is in child's best interest). And permitting a trial court to impose a geographic restriction on the designation of a child's primary residence is consistent with Texas public policy to assure that children will have frequent and continuing contact with parents who have shown the ability to act in their best interest and to encourage divorced or separated parents to share in the rights and duties of raising their children. *See* TEX. FAM. CODE ANN. § 153.001(a); *see In re D.C.*, No. 05-12-01574-CV, 2014 WL 1887611, at *7 (Tex. App.—Dallas May 9, 2014, no pet.) (mem. op.) (noting that restriction on right to designate children's residence ensured parents would be able to exercise their rights as conservators); *see also* TEX. FAM. CODE ANN. § 153.002 ("The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child.").

Further, Texas appellate courts have uniformly held that a trial court is authorized to impose a restriction on a sole managing conservator's exclusive right to designate a child's primary residence. *See In re D.C.*, 2014 WL 1887611, at *7 ("[A] trial court has the discretion to impose a geographic restriction on a party appointed sole managing conservator."); *In re S.M.D.*, 329 S.W.3d 8, 22 (Tex. App.—San Antonio 2010, pet. dism'd) (recognizing trial court's power to impose

15

geographic restriction on sole managing conservator but holding that trial court abused its discretion to do so in that case because it served no purpose as sole managing conservator was only one with possessory interests); *In re M.M.M.*, 307 S.W.3d 846, 850–52 (Tex. App.—Fort Worth 2010, no pet.) (recognizing trial court's discretion to restrict parent sole managing conservator's exclusive right to designate child's primary residence, but holding that, based on evidence presented, trial court did not abuse that discretion in declining to impose geographic restriction); *In re A.S.*, 298 S.W.3d at 835–836 (affirming restriction on parent sole managing conservator's right to designate child's residence to within Travis County and contiguous counties); *Sanchez v. Sanchez*, No. 04-06-00469-CV, 2007 WL 1888343, *3 (Tex. App.—San Antonio July 3, 2007, pet. denied) (mem. op.) (stating that trial court has discretion to determine scope of residency restriction on sole managing conservator).

In light of these holdings, the plain language of section 153.132, and Texas public policy as expressed in sections 153.001(a) and 153.002, we conclude that the trial court was authorized, but not obligated, to impose a geographic restriction on Laura's right as sole managing conservator to designate H.D.G.'s primary residence.

Laura argues that even if the trial court was authorized to order the modification Gary sought, it did not err in declining to do so here because, as a matter of law, no material and substantial change in circumstances had occurred since the

16

rendition of the parties' divorce decree. *See* TEX. FAM. CODE ANN. § 156.101(a)(1) (requiring material and substantial change in circumstances to modify conservatorship). More specifically, she argues that relocation by a sole managing conservator who has the exclusive right to designate a child's primary residence without geographic restriction is, as a matter of law, not a change in circumstances. In other words, where the conservator has been free to move at any time to any place, a move cannot constitute a change in circumstances because it is necessarily anticipated.

In support of this argument, Laura cites to two cases, neither of which holds that a move by a parent with an unrestricted right to designate a child's primary residence cannot constitute a change in circumstances. *See In re H.N.T.*, 367 S.W.3d 901, 905 (Tex. App.—Dallas 2012, no pet.); *Hoffman v. Hoffman*, No. 03-03-00062-CV, 2003 WL 22669032, at *6 (Tex. App.—Austin Nov. 13, 2003, no pet.) (mem. op.). Rather, the holdings in both *In re H.N.T.* and *Hoffman* that the conservators' moves did not constitute changed circumstances were based on the facts in those cases established after reviewing the evidence to determine whether the circumstances that existed when the parties divorced had indeed changed. *See In re H.N.T.*, 367 S.W.3d at 905; *Hoffman*, 2003 WL 22669032, at *7.

In *In re H.N.T.*, the Dallas Court of Appeals reversed an order granting a father's request to add a geographic restriction to the mother's right to designate

17

their children's primary residence. 367 S.W.3d at 904. The court explained that although the mother had moved to Grayson County shortly after the parties' divorce, because the evidence established that she lived in Houston at the time the divorce decree was entered, her move from Grayson County back to Houston did not establish a material and substantial change. *Id.* The court also observed that the father had had to travel to Houston to visit the children after the divorce, so his having to travel the same distance to Houston again was not a change of circumstances. *Id.* Thus the court did not conclude that a relocation consistent with not having geographic restrictions on the right to designate a child's residence is not a change in circumstances as a matter of law; rather, the court based its holding on evidence that when the divorce decree was issued, the mother resided in Houston—the same city to which she sought to relocate—and the distance that her relocation required the father to travel had not changed. *See id.*; *see also In re C.F.M.*, No. 05-17-00141-CV, 2018 WL 2276351, at *4–5 (Tex. App.—Dallas May 18, 2018, no pet.) (mem. op.) (holding that evidence was sufficient to support trial court's finding that mother's relocation from Texas to Kansas was material and substantial change of circumstances; even though divorce decree did not restrict her right to designate children's residence, there was no evidence that she had anticipated relocating to Kansas, as "[s]he did not testify, nor was she asked, whether she had anticipated moving to Kansas at the time of the divorce trial").

18

In *Hoffman*, the parties' divorce decree gave the mother the right to designate their children's primary residence, but it restricted that right to certain Texas counties for a period of three years. 2003 WL 22669032, at *1. When that restriction expired and the mother announced her desire to "fulfill her long-stated intention of returning to Pennsylvania with the children to live with her mother," the father filed a motion to modify to extend the geographic restriction until the children reached the age of eighteen or graduated from high school. *Id.* In affirming the trial court's denial of the father's motion, the Austin Court of Appeals noted that when the parties divorced both knew that the mother wished to return to Pennsylvania, as the divorce decree authorized her to do after three years. *Id.* at 7. The court held that because the mother's move to Pennsylvania was contemplated in the divorce decree, "the evidence presented was legally and factually sufficient to deny the requested modification." *Id.* at *6–7. Here again, the court did not hold that a conservator's relocation is automatically anticipated and thus cannot constitute a change in circumstances merely because her right to designate the children's residence was unrestricted in the divorce decree.

We conclude that "[t]he fact that the divorce decree did not prohibit [Laura] from moving is not evidence that she anticipated moving at the time of the decree" such that her relocation to Houston could not constitute a change in circumstances.

*See In re C.F.M.*, 2018 WL 2276351, at \*4. We therefore remand that issue to the trial court for determination.

We agree with Gary that the divorce decree's sole managing conservatorship decision is subject to modification to the extent of changed circumstances and, thus, that the trial court's legal conclusion that "the Court cannot impose a domicile restriction on a Sole Managing Conservator in a subsequent modification action" is incorrect.

Accordingly, we sustain Gary's first issue.

**Additional Modifications**

In his second issue, Gary contends that the trial court erred in dismissing his claims for modification of terms relating to possession and access of H.D.G.—including pickup and surrender for periods of possession, long distance possession and access, and international travel—as well as terms affecting the transfer of H.D.G.'s passport between the parties (the "additional claims"). Gary argues that in dismissing his additional claims based solely on the argument of counsel, without permitting the parties to present testimony, the trial court deprived him of his right to obtain a modification by presenting evidence to show that circumstances had materially and substantially changed since the court rendered the parties' divorce decree. *See* TEX. FAM. CODE ANN. § 156.101(a)(1).

The trial court did not specifically rule on these claims in its order dismissing the suit under Rule 13 as frivolous and brought in bad faith. However, because dismissal of these claims under the Family Code as having no basis in law or fact is clearly prohibited by Rule 91a.1 and the trial court stated no rationale for dismissing them under Rule 13, we hold that the trial court erred in dismissing them.

The Fourteenth Court of Appeals reached the same conclusion on similar facts. In *In re Sisk*, a disabled adult child filed a petition for child support against his divorced parents. 2014 WL 5492804, at *1. The parents filed a "joint motion to dismiss," which did not state the specific grounds for dismissal and only argued broadly that the trial court should dismiss based on the pleadings, "including, but not limited to, statute of limitations, laches and estoppel." *Id.* at *4. After a non-evidentiary hearing on the motion, the trial court dismissed the petition. *Id.* at *1.

Noting that "[t]he Texas Rules of Civil Procedure do not provide for a defendant's motion to dismiss in cases brought under the Texas Family Code, except for want of prosecution or lack of jurisdiction," the Fourteenth Court of Appeals held that the parents' affirmative defenses should have been raised "through a motion for summary judgment or at trial, not a motion to dismiss or a plea to the jurisdiction." *Id.* at *4 (citing *In re D.K.M.*, 242 S.W.3d at 865–66); *see also Tex. Underground, Inc. v. Tex. Workforce Comm'n*, 335 S.W.3d 670, 676 (Tex. App.—Dallas 2011, no

21

pet.) (reversing trial court's order granting motion to dismiss on affirmative defense of limitations where trial court did not follow summary-judgment procedure).

Because the court of appeals could not "determine the procedural basis [the parents] invoked to seek dismissal," it considered whether the trial court had treated the motion to dismiss as a summary-judgment motion, but it declined to do so as the parents had not filed affidavits or evidence with their motion and the trial court had issued findings of fact and conclusions of law. *In re Sisk*, 2014 WL 5492804, at *5; *see also Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) ("[F]indings of fact and conclusions of law have no place in a summary judgment proceeding."). Accordingly, the court held that because the parents' motion was not recognized under the Texas Rules of Civil Procedure or the Texas Family Code, the trial court erred in granting it to dismiss the petition based on the parents' affirmative defenses. *In re Sisk*, 2014 WL 5492804 at *5.

As in *Sisk*, the record in this case does not permit us to treat Laura's motion to dismiss as a misnamed motion for summary judgment, for the reasons discussed above. Accordingly, we conclude that the trial court was not authorized to dismiss Gary's additional modification claims on the grounds that he "failed to show any material and substantial change of circumstances" under the Rules of Civil Procedure or the Family Code, or to dismiss them under Rule of Civil Procedure 13, without affording him the opportunity to present testimony. *See In re D.K.M.*, 242

22

S.W.3d at 865–66 (reversing trial court's order granting motion to dismiss based on affirmative defense because motion to dismiss was not recognized by rules of civil procedure and "issue was not presented in proper summary judgment form," which would have provided procedural safeguards to ensure merits were not determined before nonmovant had adequate time for discovery and opportunity to respond). In so doing, the trial court failed to safeguard Gary's right to prove his additional claims. *See In re J.R.K.*, No. 06-10-00121-CV, 2011 WL 3242264, at *4 n.9 (Tex. App.—Texarkana July 8, 2011, no pet. (mem. op.) (reversing and remanding order denying modification because "[movant] had no opportunity to offer evidence of a material and substantial change of circumstance or why it was in the child's best interests to live with her"); *Turcotte v. Trevino*, 499 S.W.2d 705, 723 (Tex. App.—Corpus Christi 1973, writ ref'd n.r.e.) (holding that rules of civil procedure "do not authorize the trial court to render a judgment against a party to a lawsuit before he has had an opportunity to present his evidence on disputed issues of fact").

At a minimum, Gary was entitled to "an opportunity to be heard at a meaningful time and in a meaningful manner" on these claims. *See Perry v. Del Rio*, 67 S.W.3d 85, 92 (Tex. 2001); *see also Smith v. Bitner*, No. 01-18-00168-CV, 2019 WL 2932842, at *3 (Tex. App.—Houston [1st Dist.] July 9, 2019, no pet.) (mem. op.) (holding that trial court's pronouncement of judgment at trial without having afforded defendant opportunity to present evidence "deprived [defendant] of his

right to produce witnesses and evidence of his own, and deprived him of the right to be heard on the issues that were before the Court"); *Fuentes v. Zaragoza*, 555 S.W.3d 141, 166–67 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (reversing divorce decree as to co-defendant entities whose property interests were awarded in property division because entities were not afforded "meaningful opportunity to present evidence" and holding that "[t]he right to be heard assumes a full hearing before a court having jurisdiction over the matter, the right to introduce evidence, and the right to judicial findings based on the evidence" (citing *Perry*, 67 S.W.3d at 92)).

We sustain Gary's second issue.

### Attorney's Fees

In his third issue, Gary challenges the portion of the trial court's dismissal order awarding Laura attorney's fees. The award of attorney's fees in a suit affecting the parent-child relationship is within the trial court's discretion. *See* TEX. FAM. CODE ANN. § 106.002. In light of our disposition of Gary's first and second issues, any award of attorney's fees is at best premature.

We conclude that the trial court should be given an opportunity to reconsider whether to assess attorney's fees when it renders a new judgment. *See Bruni v. Bruni*, 924 S.W.2d 366, 368–69 (Tex. 1996) (reversing attorney's fees award for reconsideration after concluding trial court's judgment was premised on erroneous conclusions of law); *In re M.D.C.*, 171 S.W.3d 361, 364 (Tex. App.—Dallas 2005

no pet.) (reversing attorney's fees award for reconsideration in light of conclusion that trial court erred in rendering judgment for petitioners on breach of fiduciary duty claim); *see also In re B.N.G.*, 2019 WL 3729506, at * 12 (reversing and remanding attorney's fees award after holding that trial court erred in granting summary judgment for mother in modification proceeding to give trial court opportunity to reconsider attorney's fees award in rendering new judgment).

We sustain Gary's third issue.

## Conclusion

We reverse the trial court's dismissal order and remand this case for further proceedings.


                    Evelyn V. Keyes
                    Justice

Panel consists of Chief Justice Radack and Justices Keyes and Goodman.