**In the Interest of H.N.T., A Child.**

No. 05–11–00518–CV.

Court of Appeals of Texas,
Dallas.

May 10, 2012.

Rehearing Overruled July 5, 2012.

Jason L. Butscher, Butscher & Dunn, Sherman, TX, for Appellant.

James A. Fry, James A. Fry, P.C., Sherman, TX, for Appellee.

Before Justices O'NEILL, MARTIN RICHTER, and FRANCIS.

## OPINION

Opinion by Justice O'NEILL.

Mother challenges the trial court's April 4, 2011 order, in which it granted Father's amended motion to modify the parent child relationship. In a single issue, Mother argues the trial court abused its discretion by imposing a geographic restriction that essentially modified conservatorship and permitted Father to designate the primary residence of H.N.T. We reverse the trial court's decision and render judgment setting aside its April 4, 2011 order.

### Background

It is undisputed H.N.T. was born of the marriage between Mother and Father in 1998.[1] When they divorced in August 2000, the parties were named joint managing conservator with Mother named as the primary with no geographic restrictions.

At the time of the final decree in August 2000, Mother was living in Houston. After she remarried, she moved back to Grayson County. She lived in Grayson County with H.N.T. from 2000 to 2010. During this time, Mother had another daughter with her husband. Father also remarried.

In March 2010, Mother informed Father her family was experiencing financial difficulties, and she planned to return to Houston with her husband, H.N.T., and her other child. Father initiated proceedings to impose a geographic restriction preventing Mother from moving H.N.T. In his amended motion to modify the parent-child relationship, he requested (1) the residency of the child be established in Grayson County; (2) if residency is not established in Grayson County, the court should decrease his support obligation because of the increase in cost to visit H.N.T. in Houston; and (3) alternatively to (1) and (2), he should be appointed as the person who has the right to designate H.N.T.'s primary residence.

The court held its first hearing on March 19, 2010. During the hearing, Mother said she hoped to move H.N.T. to Houston before school ended so H.N.T. could make friends before the summer. The trial court entered temporary orders restricting H.N.T.'s residence to Grayson County.

On August 18, 2010 the parties returned to court. Mother attempted to get the geographic restriction lifted so she could move H.N.T. to Houston before school started; however, the court left the geographic restriction in place. At this time, Mother and her husband had already moved to Houston and started their new jobs. The parties then entered a Rule 11

---

1. H.N.T. was twelve-years-old when the trial court entered the April 4, 2011 order.

Agreement in which Mother agreed to leave H.N.T. with Father until further court order.

The final hearing was held on December 21, 2010. The trial court made an oral ruling on the record upholding the geographic restriction and stated that if Mother moved back to Grayson or a contiguous county, "then she would have primary."

On April 4, 2011, the trial court entered its final order and found "the material allegations in the petition to modify are true and that the requested modification is in the best interest of the child" and granted the requested modification. Thus, Father, as joint managing conservator, had the exclusive right to designate the primary residence of H.N.T. within Grayson County "at all times in which [Mother] resides outside Grayson County, Texas or contiguous counties in Texas."

On appeal, Mother argues the order modified conservatorship of the child even though this relief was never pleaded or requested. Thus, the trial court went beyond imposing a geographic restriction, which was the requested relief, and altered the conservatorship by allowing Father to designate the primary residence of child. She further argues no relocation occurred; therefore, the evidence is both legally and factually insufficient to establish the circumstances of either party had materially or substantially changed since rendition of the 2000 divorce decree. Thus, she argues the trial court abused its discretion in modifying the conservatorship agreement in the original divorce decree.

### Standard of Review

■ We review a trial court's order regarding child custody, control, possession, and visitation for an abuse of discretion. *Jacobs v. Dobrei,* 991 S.W.2d 462, 463 (Tex.App.-Dallas 1999, no pet.). A trial court abuses its discretion when it acts arbitrarily and unreasonably without reference to guiding principles. *In re W.C.B,* 337 S.W.3d 510, 513 (Tex.App.-Dallas 2011, no pet.). In family law cases, the abuse of discretion standard of review overlaps with traditional standards of review. *Id.* As a result, legal and factual insufficiency are not independent grounds of reversible error, but instead are factors relevant to our assessment of whether the trial court abused its discretion. *Id.* To determine whether the trial court abused its discretion, we consider whether the trial court had sufficient evidence upon which to exercise its discretion and erred in its exercise of that discretion. *Id.*

■ In a bench trial, where the trial court makes findings of fact, as it did in this case, those findings are the equivalent of jury answers to special issues. *Id.* Those findings define and limit the issues on which the judgment may be reviewed. *See* Tex.R. Civ. P. 200. Unchallenged findings of fact are binding on this Court unless the contrary is established as a matter of law or there is no evidence to support the finding. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex.1986). As long as some evidence of a substantive and probative character exists to support the trial court's judgment, we will not substitute our judgment for that of the trial court. *Echols v. Olivarez,* 85 S.W.3d 475, 477 (Tex.App.-Austin 2002, no pet.).

### Discussion

■ In a single issue, Mother argues the trial court abused its discretion by imposing a geographic restriction because there has not been a material or substantial change in circumstances. Father ar-

gues that he is "hard pressed to discern how attempting to move [H.N.T.] five hours away" from him is not a material and substantive change.

In an effort to ensure stability and continuity for children, Texas law imposes significant hurdles before a conservatorship order may be modified. *In re A.L.E.*, 279 S.W.3d 424, 428 (Tex.App.-Houston [14th Dist.] 2009, no pet.). Specifically, a trial court may modify a conservatorship order if modification would be in the child's best interest and "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed" since the previous order. TEX. FAM.CODE ANN. § 156.101 (West Supp.2011). The Father, as the moving party, must show a material and substantial change in circumstances; otherwise, the petition to modify must be denied. *In re A.L.E.*, 279 S.W.3d at 428; *see also In re W.C.B.*, 337 S.W.3d at 513–14; *Bates v. Tesar*, 81 S.W.3d 411, 424 (Tex.App.-El Paso 2002, no pet.).

▆ In considering whether a material and substantial change in circumstances has occurred, the trial court compares the evidence of the conditions that existed at the time of the entry of the prior order with the evidence of the conditions that existed at the time of the hearing on the petition to modify. *In re W.C.B.*, 337 S.W.3d at 514. Thus, our analysis begins with whether a material and substantial change in circumstances has occurred since the entry of the August 2, 2000 agreed amended divorce decree. In that order, Mother, as the joint managing conservator, was given the right to establish H.N.T.'s primary residence without any geographic restrictions.

After the final hearing in December 2010 on Father's motion to modify, the trial court made generic findings that a geographic restriction was in H.N.T.'s best interest. Mother argues the trial court failed to find that a material and substantial change in circumstances had occurred since entry of the divorce decree, which is a required element under section 156.101(a)(1)(A). *See* TEX. FAM.CODE ANN. § 156.101(a)(1)(A) (West Supp.2011). We agree the trial court failed to make such a finding.

We acknowledge Mother did not object or request additional findings regarding this missing element,[2] but the omitted finding will be implied only if it is supported by evidence. TEX.R. CIV. P. 299 (noting that "omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment"); *McGalliard*, 722 S.W.2d at 696 (unchallenged findings of fact are not binding on this Court if the contrary is established as a matter of law or there is no evidence to support the finding). Based on this record, we cannot conclude this unchallenged and omitted finding is supported by evidence in the record.

The trial court found that "At the time of the prior order both parties resided in Grayson County." However, the evidence is undisputed that at the time the trial court entered the final amended divorce decree in 2000, Mother resided in Houston. She testified to this fact, and a Houston address is listed as her residence in the divorce decree. Further, Father testified that after the divorce, he drove to Houston to visit H.N.T. There is no evidence to the contrary. Accordingly, there is no evidence to support the trial court's finding that both parties resided in Grayson County at the time of the prior order. Thus, we are not bound by this erroneous finding. TEX.R. CIV. P. 299; *McGalliard*, 722 S.W.2d at 696.

2. Mother argues she never received notice of the court's findings and conclusions, and therefore, she never had the opportunity to object.

Because the original divorce decree does not contain a geographic restriction and at the time it was entered Mother lived in Houston, her desire to move H.N.T. back to Houston does not establish a material or substantial change in circumstances. If anything, it represents an anticipated circumstance because Father knew nothing within the decree prohibited Mother from moving with H.N.T. at anytime to anywhere. *See, e.g., Hoffman v. Hoffman,* 03–03–00062–CV, 2003 WL 22669032, at *6 (Tex.App.-Austin Nov. 13, 2003, no pet.) (mem. op.) (noting a move from Texas to Pennsylvania was contemplated by the parties at the time of the divorce; therefore, the move itself could not be evidence of a material or substantial change). In fact, the decree does not require Mother to give Father notice of such intentions. Thus, we agree with Mother that a material and substantial change has not occurred from the conditions that existed at the time of the entry of the divorce decree with evidence of the conditions that existed at the time of the hearing on the petition to modify. *See In re W.C.B.,* 337 S.W.3d at 514. The conditions at both points in time establish that Mother resided in Houston. Accordingly, the trial court abused its discretion in modifying the original August 2000 order and imposing a geographic restriction requiring H.N.T. to remain in Grayson County. We sustain Mother's issue.[3]

## Conclusion

We reverse the trial court's decision and render judgment setting aside its April 4, 2011 order.

---

3. While not argued as a separate issue, Mother also complains the trial court erred by granting Father relief that was never requested or pleaded. However, having sustained her sole issue, we need not address this argument.