**Fourth Court of Appeals**
**San Antonio, Texas**


## MEMORANDUM OPINION

No. 04-18-00574-CV

**IN THE INTEREST OF H.N.H.** and H.J.H., Children

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 15-179CCL
Honorable Bill R. Palmer, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:     Rebeca C. Martinez, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: July 10, 2019

AFFIRMED

Appellant Robert Joseph Heath appeals from the trial court's order in a suit affecting the parent-child relationship. In a single issue on appeal, Robert argues the trial court abused its discretion by modifying the geographic restriction on appellee Ashley Nicole Heath's exclusive right to designate the primary residence of Robert's and Ashley's children. We affirm the trial court's modification order.

### Background

Robert and Ashley were married in 2009 and had two children. After Ashley filed for divorce, the parties entered into a mediated settlement agreement dated August 18, 2015. The agreement named Robert and Ashley joint managing conservators of the children and granted Ashley the exclusive right to designate the children's primary residence, subject to a geographic

restriction to Kendall County and contiguous counties. On December 7, 2015, the trial court entered an agreed final decree of divorce incorporating the terms of the mediated settlement agreement.

In 2018, Ashley filed a petition to modify the terms of the final decree to permit her to relocate with the children to Kansas City, Kansas. After holding a three-day hearing on the petition, the trial court entered a modification order granting Ashley the right to designate the children's primary residence in Johnson County, Kansas or any contiguous county. On Robert's request, the trial court entered findings of fact and conclusions of law. Robert appeals.

### Standard of Review

We review the trial court's decision to modify the terms and conditions of conservatorship for abuse of discretion. *In re B.L.J.P.*, No. 04-14-00015-CV, 2014 WL 5020121, at *1 (Tex. App.—San Antonio Oct. 8, 2014, no pet.) (mem. op.) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)). The trial court abuses its discretion if its ruling is "arbitrary, unreasonable, or without reference to any guiding principles." *Id.* (citing *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000)). The trial court does not abuse its discretion if some evidence of a substantive and probative character supports its ruling, even if the record contains conflicting evidence. *Id.* (citing *Burns v. Burns*, 116 S.W.3d 916, 921 (Tex. App.—Dallas 2003, no pet.); *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.)).

### Discussion

Robert argues the trial court abused its discretion by modifying the terms of conservatorship contained in the agreed final decree of divorce.

### A.     Applicable law

A trial court may modify the terms and conditions of conservatorship, including a geographic restriction, only if: (1) modification is in the children's best interest; and (2) the

circumstances of the children, a conservator, or another party affected by the order have materially and substantially changed since the earlier of (a) rendition of the order, or (b) signing the mediated settlement agreement on which the order is based. *Id.* (citing TEX. FAM. CODE ANN. § 156.101(a)(1)). Where the trial court does not expressly find a material and substantial change in circumstances, we may presume such a finding if it is supported by some evidence in the record. *See In re P.M.G.*, 405 S.W.3d 406, 413 (Tex. App.—Texarkana 2013, no pet.); *In re H.N.T.*, 367 S.W.3d 901, 904 (Tex. App.—Dallas 2012, no pet.) (citing TEX. R. CIV. P. 299).

"In deciding whether a material and substantial change of circumstances has occurred, a trial court is not confined to rigid or definite guidelines." *In re A.L.E.*, 279 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The trial court's determination "is fact-specific and must be made according to the circumstances as they arise." *Id.* "[T]he law does not prescribe any particular method for a showing of changed circumstances, which may be established by circumstantial evidence." *Id.* at 429.

## B.     Analysis

Here, Robert argues the trial court abused its discretion because: (1) the trial court did not make an express finding of a material and substantial change in circumstances; and (2) there is insufficient evidence of a material and substantial change in circumstances to support a modification of conservatorship. While the trial court expressly found modification is in the children's best interest, it did not expressly find a material and substantial change in circumstances. Accordingly, we review the record to determine whether the evidence supports an implied finding of a material and substantial change in circumstances.

We first determine the relevant time frame. Although Ashley argues any change in circumstances must have occurred after the date the agreed final decree was signed in December 2015, the statute provides the relevant date is the earlier of (a) rendition of the final decree, or (b)

signing the mediated settlement agreement on which the final decree is based. TEX. FAM. CODE ANN. § 156.101(a)(1). Here, the earlier date is August 18, 2015—the date the parties signed the mediated settlement agreement. Ashley, therefore, bore the burden to demonstrate, by a preponderance of the evidence, the conditions that existed on August 18, 2015 and any material and substantial changes occurring between that date and 2018. *See In re B.L.J.P.*, 2014 WL 5020121, at *2 (citing *Zeifman v. Michels*, 212 S.W.3d 582, 589 (Tex. App.—Austin 2006, pet. denied)).

Ashley testified she was not employed at the time she and Robert divorced in 2015. In November 2016, Ashley began working full-time for Sims Global Solutions ("Sims Global"). As the business relationship manager and marketing manager, Ashley works primarily from home and earns a $40,000 salary, plus commissions and bonuses. In June 2017, Sims Global opened an office in Lenexa, Kansas, near Kansas City, and notified Ashley by letter dated December 1, 2017 that her position would be transferred to the Lenexa office. Sims Global's president, Ted Sims, is Ashley's brother-in-law. Ted Sims and Ashley's sister, who currently reside in Dallas, are planning to relocate with Sims Global to Kansas City.

Although Sims Global has not informed Ashley that her refusal to accept the transfer will result in termination, she testified accepting the transfer is "the only chance I have at keeping this job." Ashley also testified that if she transfers to Kansas, she can make "a lot more" than her current $40,000 base salary by earning additional commissions. Ashley testified Sims Global's director of sales guaranteed that if Ashley moved to Kansas, she would make $150,000 to $200,000 annually based on additional commissions. Ashley opined that accepting the transfer will have a positive economic impact on her household.

In addition, both Ashley and Robert are from the Kansas City area, and their extended families still live in the area. Robert owns real property near Kansas City and visits there

frequently. Ashley testified moving to Kansas City and being closer to extended family would "significantly improve my emotional, economical status, and the [children's]." While Robert argues the transfer notice "was a pretext done as a favor by [Ashley's] brother-in-law," the trial court had discretion to credit Ashley's testimony and disregard any conflicting evidence. *See id.* at *1.

Our sister courts have upheld findings of a material and substantial change in similar circumstances. For instance, in *Echols*, the court of appeals upheld the trial court's determination that the mother's circumstances materially and substantially changed when her employer promoted her to a position in Tennessee that would give her additional financial security and the expectation of career advancement. 85 S.W.3d at 479. Similarly, in *E.C.M.*, the court of appeals held the evidence was sufficient to show a material and substantial change in the mother's circumstances where the record demonstrated the mother's pending remarriage and relocation to Dallas would provide additional emotional and financial support, as well as allow her to obtain better employment. *In re E.C.M.*, No. 07-09-00242, 2010 WL 2943091, at *3–4 (Tex. App.—Amarillo July 28, 2010, no pet.) (mem. op.).

Here, too, the evidence demonstrates a material and substantial change in Ashley's circumstances since she signed the mediated settlement agreement in August 2015. Ashley was not employed in 2015 but became employed in 2016 and was notified in 2017 that her position was being transferred to Kansas. Although Ashley will not change job titles or earn a higher base salary if she accepts the transfer, she will have the potential to earn significantly more commission-based income in Kansas, as well as receive the benefits of living nearer to family. Therefore, the record supports an implied finding of a material and substantial change in circumstances warranting modification of conservatorship. Because Robert does not challenge the trial court's

express finding that modification is in the children's best interest, we hold the trial court did not abuse its discretion in modifying the terms of conservatorship. Robert's sole issue is overruled.

## Conclusion

Having overruled Robert's sole issue on appeal, we affirm the trial court's modification order.

Beth Watkins, Justice