**AFFIRMED and Opinion Filed March 29, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00738-CV

## IN THE INTEREST OF I.J.N., A CHILD

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-14-06036**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove[1]
Opinion by Justice Goldstein

Mother appeals the trial court's order requiring her to relocate the parties' child, I.J.N., to Dallas County or a county contiguous to Dallas County in the underlying suit to modify the parent-child relationship. In a single issue, Mother asserts the trial court abused its discretion by imposing a geographic restriction on Mother's right to designate the primary residence of I.J.N. We affirm the trial court's judgment.

---

[1] The Honorable Justice Lana Myers was originally a member of this panel. The Honorable Justice Breedlove succeeded Justice Myers on this panel when her term expired on December 31, 2022. Justice Breedlove has reviewed the briefs and the record.

## BACKGROUND

Mother and Father are the Joint Managing Conservators of the child. The original 2014 SAPCR order designated Mother as the conservator with "the exclusive right to designate the primary residence of the child" and provided that Mother "may determine the child's primary residence without regard to geographic location." In 2016, the parties filed an agreed child support review order reflecting Mother lived in Arlington and Father in Fort Worth. In October 2018, after receiving her bachelor's degree from the University of Texas in Arlington, Mother moved to Houston with the child.

In November 2018, Father filed a petition to modify the parent-child relationship seeking, among other things, to have himself "appointed as the person who has the right to designate the primary residence of the child." The petition gave a Houston address for Mother and argued that Mother's "change of residence has caused [Father] to incur increased costs." Father requested the trial court to order "the preparation of a child custody evaluation regarding the circumstances and condition of the child, the parties, and the residence of any person requesting conservatorship of, possession of, or access to the child."

Father's petition was supported by his affidavit in which he stated Mother moved I.J.N. to Houston without his knowledge on October 8. The affidavit described Father's contact with I.J.N. "pretty much every single week since she was

born," her relationship with her two brothers who live with Father, and Father's desire to have I.J.N. "back to me where I can see and make sure she is safe."

In February 2021, Mother filed a counterpetition to modify the parent-child relationship requesting, among other things, that the court "make orders that [I.J.N.] will attend school based on [Mother's] residence."

At trial in February 2021, among the exhibits offered and admitted into evidence without objection was Father's Exhibit 1, a summary of requested relief. Under the heading "Conservatorship," Father requested the following:

> Neither party should have the exclusive right to designate the primary residence of the child, but the child's residence should be restricted to Dallas County, Texas or counties contiguous to Dallas County, Texas.

Rachel McGinnis, a licensed clinical social worker, testified she performed a custody evaluation in this case and found no safety concerns or concerns about the stability of either parent. However, Father expressed "one concern" about Mother: that she has poor communication - she "moved [I.J.N.] to Houston, Texas without telling [Father]." McGinnis concluded that Father filed for a modification because Mother moved to Houston and it "became costly for him to pick up and drop off the child in question." McGinnis testified that she "is not saying that it's in the child's best interest to be relocated over 100 miles," but "according to their [2016] agreed order, there was no geographic restriction." She agreed that I.J.N. "would benefit from seeing her father more than she is now" and I.J.N. expressed "wanting to spend more time with her father." She believed it "would have a benefit" to I.J.N. to be

–3–

able to see her younger siblings more frequently," and I.J.N. "did quite well interacting with all family members in [F]ather's household."

Following trial, the trial court entered an order granting Father's petition to modify. Among other things, the trial court found that "the material allegations in the petition to modify are true and that the requested modification is in the best interest of the child." The order specified that Mother and Father remained joint managing conservators of I.J.N. and gave Mother the exclusive right to designate the primary residence of I.J.N. "within Dallas County, Texas and counties contiguous to Dallas County, Texas, subject to the provision below entitled "Relocation of Child." Under the heading "Relocation of the Child," the court ordered that "[t]he child shall be relocated from Harris County, Texas to Dallas County, Texas or a county contiguous to Dallas County Texas" within 120 days from the date of the order, July 24, 2021. Mother requested findings of fact and conclusions of law "as provided by rules 296 and 297 of the Texas Rules of Civil Procedure and section 153.258 of the Texas Family Code" and timely gave notice of past due findings of fact and conclusions of law. The trial court did not enter findings of fact or conclusions of law, and this appeal followed.

## DISCUSSION

In a single issue, Mother complains the trial court abused its discretion by imposing a geographic restriction on Mother's right to designate the primary residence of I.J.N. Specifically, Mother asserts that neither party pleaded for a

–4–

geographic restriction, and it was an abuse of discretion to grant such relief in the absence of proper pleadings; the trial court's order requiring Mother to relocate I.J.N. is not supported by the court's limited findings of fact; and the court's finding that Mother can work remotely at her present job or find another similar position in the Dallas-Fort Worth Metroplex is not supported by legally and factually sufficient evidence.

As a general rule, we give wide latitude to a trial court's decision on custody, control, possession, and visitation matters. *In re C.P.J.*, 129 S.W.3d 573, 576 (Tex. App.—Dallas 2003, pet. denied). We review a trial court's decision to modify child support or conservatorship under an abuse of discretion standard. *In re C.C.J.*, 244 S.W.3d 911, 917 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. *Id.* Under an abuse of discretion standard, legal and factual insufficiency issues are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *Id.* We review the evidence in the light most favorable to the order and indulge every presumption in favor of the trial court's ruling. *Id.* If some probative and substantive evidence supports the order, there is no abuse of discretion. *Id.*

Rule of civil procedure 301 requires that a judgment conform to the pleadings. TEX. R. CIV. P. 301. However, "[p]leadings are of little importance in child custody cases and the trial court's efforts to exercise broad, equitable powers in determining

what will be best for the future welfare of a child should be unhampered by narrow technical rulings." *Peck v. Peck*, 172 S.W.3d 26, 35 (Tex. App.—Dallas 2005, pet. denied) (quoting *MacCallum v. MacCallum*, 801 S.W.2d 579, 586 (Tex. App.—Corpus Christi–Edinburg 1990, writ denied)). "[A] suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests that court with decretal powers in all relevant custody, control, possession and visitation matters involving the child. The courts are given wide discretion in such proceedings." *Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967); *see Ellason v. Ellason*, 162 S.W.3d 883, 887 (Tex. App.—Dallas 2005, no pet.).

In arguing that the relief afforded by the trial court goes beyond the scope of the pleadings, Mother does not discuss, analyze, or attempt to distinguish *Leithold* or any of our prior precedent in which we cited it. Mother cites rule of civil procedure 301 but ignores the holding in *Peck*, by which we are bound, that pleadings are of little importance in cases such as this one. *Peck*, 172 S.W.3d at 35. We decline to issue a proscribed "narrow technical ruling" as urged by Mother that would go against the precedent set by this Court. *See id.*[2]

Regarding Mother's argument that the trial court's findings do not support the judgment, we note the court's first finding determined that "the requested

---

[2] We follow our own precedent and may not overrule a prior panel decision of this Court, absent an intervening change in the law by the legislature, a higher court, or this Court sitting en banc. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 n.8 (Tex. 2022) (noting single panel of a multi-member court lacks power to overrule a precedent).

modification is in the best interest of the child." Mother does not challenge the sufficiency of the evidence to support this finding. Instead, she argues this finding is "nonsensical" and renews her argument that the trial court did not grant Father's relief as pleaded and so "apparently . . . did not find his requested relief to be in the best interest of the child." We have already rejected Mother's assertion that Father's pleadings did not support the relief granted by the trial court.

Moreover, a trial court may modify a conservatorship order if modification would be in the child's best interest and "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed" since the previous order. TEX. FAM. CODE ANN. § 156.101. When one or more elements of a ground of recovery "have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment." TEX. R. CIV. P. 299. As discussed above, the trial court found that modification was in the best interest of the child. In considering whether a material and substantial change in circumstances has occurred, the trial court compares the evidence of the conditions that existed at the time of the entry of the prior order with the evidence of the conditions that existed at the time of the hearing on the petition to modify. *In re H.N.T.*, 367 S.W.3d 901, 904 (Tex. App.—Dallas 2012) (addressing whether trial court abused its discretion by imposing geographic restriction). The evidence here showed that, since the time of the entry of the prior order, Mother and I.J.N. moved to Houston without giving Father notice, after living

in relatively close proximity for the preceding four years. On this record, we conclude the trial court did not abuse its discretion in imposing a geographic restriction on Mother. *See In re C.C.J.*, 244 S.W.3d at 917. Because of our disposition of this issue, we need not address Mother's challenge to the trial court's other findings. We overrule Mother's issue.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210738F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF I.J.N., A CHILD

No. 05-21-00738-CV

On Appeal from the 303rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-14-06036. Opinion delivered by Justice Goldstein. Justices Carlyle and Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 29th day of March 2023.