**AFFIRMED and Opinion Filed December 4, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00706-CV**

**NORHILL ENERGY, LLC., Appellant**
**V.**
**CITY OF MCKINNEY, TEXAS, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-05312-2019**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Wright[1]
Opinion by Justice Wright

In 14 issues—which we regroup into five categories—appellant Norhill Energy, LLC argues the trial court erred when it granted final judgment in favor of the city of McKinney. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

The extensive factual background is well known to the parties and includes 50 stipulations. Rather than recounting and addressing every fact, we limit our opinion to the facts necessary to the resolution of the issues presented. *See* TEX. R.

---

[1] The Hon. Carolyn Wright, Justice, Assigned

APP. P. 47.1; *see also Lawton Candle, LLC v. BG Pers., LP*, 690 S.W.3d 122, 124 (Tex. App.—Dallas 2024, no pet.). Essentially, this case involves a local landowner wearing three hats[2] with a plat that the City did not approve. Norhill then sued the City alleging (1) it filed its application for a plat, (2) the City automatically approved it, (3) the City's conduct constitutes a taking (thereby entitling it to damages), (4) it was not an alter ego of Selinger, and (5) it was entitled to various declaratory judgments concerning the City's conduct and policies. After a bench trial, the trial court entered 164 findings of fact (none of which Norhill challenges on appeal) and 71 conclusions of law.

Unchallenged findings of fact are binding on this Court unless the contrary is established as a matter of law or there is no evidence to support the finding. *In re H.N.T.*, 367 S.W.3d 901, 903 (Tex. App.—Dallas 2012, no pet.) (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986)). "In an appeal from a bench trial, the trial court's findings of fact have the same weight as a jury verdict." *Sheetz v. Slaughter*, 503 S.W.3d 495, 502 (Tex. App.—Dallas 2016, no pet.) (citing *Fulgham v. Fischer*, 349 S.W.3d 153, 157 (Tex. App.—Dallas 2011, no pet.)). "Those findings define and limit the issues on which the judgment may be reviewed." *In re H.N.T.*,

---

[2] The trial court found "that Selinger and Norhill are the alter ego of Poetry, which is the entity who sold the Property to D.R. Horton, for a profit of approximately $3,700,000. All compensation received for the sale of the Property in this case to Poetry is tantamount to Norhill receiving such funds as Selinger is the sole principal in Poetry." The trial court also found, "That Norhill Energy is the Plaintiff in this suit and that he [Selinger] owns Norhill; that he is the President of Norhill; and that he is the managing director of Norhill and its sole member."

367 S.W.3d at 903 (citing TEX. R. CIV. P. 200). "As long as some evidence of a substantive and probative character exists to support the trial court's judgment, we will not substitute our judgment for that of the trial court." *Id.* (citing *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.)).

## FACTUAL FINDINGS

The trial court found:

- "Section 142-82 of the McKinney Code of Ordinances, as applicable to plat approval at all times relevant to these proceedings, provides that a plat submission is not considered 'filed' until it has been determined by City staff to be 'administratively complete.'"[3]

- "That Norhill never requested that the Plat be placed on the City's Planning and Zoning Commission agenda for consideration in spite of the staff's comments."

- "That the purpose of staff comments is to obtain an administratively complete application that can be reviewed and sent to the City's Planning and Zoning Commission for consideration as part of the application review process."

- "That Norhill did not request that any of its plat submissions be placed on the City's Planning and Zoning Commission agenda for consideration in spite of the City staff's comments

---

[3]     The trial court quoted section 142-82 in its findings of fact:

The official date of a plat submittal and the date on which the plat shall be considered administratively complete, thereby triggering the requirements of V.T.C.A, Local Government Code § 212.009 or any successor statute, shall be the date upon which the plat is determined to be in compliance with the general and administrative provisions of the Code of Ordinances by the director of planning and the director of engineering. The plat will then be approved by the director of planning or scheduled for consideration on the first available planning and zoning commission or city council meeting agenda, whichever body has approval authority, as determined by the date of acceptance for review and the calendar schedule as maintained by the director of planning.

–3–

and determinations that the plat applications were not administratively complete."

- "That Norhill could have done that and, that if Norhill had done so, that he would have recommended to the Director of Planning that the plats be placed on the City's Planning and Zoning Commission agenda with a recommendation of denial of the plats due to the staff's comments."

- "That to date the plat submissions submitted by Norhill remain deficient and not administratively complete."

- "That the plat was not administratively complete because (a) the City sent Norhill, or its engineering firm, the City's first round of comments regarding flaws and defects in the May Submittal that kept it from being determined administratively complete on or about June 14, 2019, and (b) the City sent Norhill, or its engineering firm, the City's second round of comments regarding flaws and defects in the July Submittal that kept it from being determined administratively complete on or about August 7, 2019."

- "That Norhill's requests for declaratory relief are based solely upon City staff's preliminary comments on Norhill's plat which are, at this point in time, nonjusticiable as staff comments are non-binding, and no staff comments have been imposed as a condition of plat approval or as a basis for plat denial."

The trial court also concluded:

- "Norhill's request for declaratory relief based solely upon City staff preliminary comments on the Plat are nonjusticiable as staff comments are non-binding, and no staff comments have been imposed as a condition of Plat approval."

- "Until, and unless, the Plat is denied based upon conditions articulated by staff as a basis for denial, Norhill's claims are not ripe; Norhill's claims are premature; and Norhill seeks impermissible advisory opinions from the court on conditions

–4–

that have not been, and may not be, imposed as part of the approval or denial of the Plat."

- "Norhill has not applied for a waiver in this instance."

## ANALYSIS

### I. Norhill did not file a plat.

In its first four issues on appeal, Norhill argues that (1) it filed an original plat with the City within the meaning of Local Government Code section 212.009(a); (2) it filed a revised plat two months later; (3) the City's failure to approve or disapprove the plat within 30 days resulted in the City's automatic approval of the plat; and (4) the City improperly exempted itself from the requirements of Local Government Code section 212.009(a) when it passed an ordinance that says a plat is not filed until it is "administratively complete." The first three points are largely consistent with Norhill's pleading while the fourth is not.

In its answer, the City stated that it relied on section 142-82 of the McKinney Code of Ordinances as an affirmative defense and that this section provides an applicant has not filed a plat submission until City staff determines it is "administratively complete." Despite this defense (and its fourth issue on appeal), Norhill did not attack the City's ordinance in the trial court. Thus, it waived its appellate attack on the ordinance. *See Barnes v. Barnes*, No. 05-16-00241-CV, 2018 WL 1026205, at *4 (Tex. App.—Dallas Feb. 23, 2018, no pet.) (mem. op.) ("The

failure to raise an issue in the trial court waives the issue on appeal.") (citing *City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex. 1986)).

Instead, Norhill first mentions ordinance section 142-82 in its reply in support of its motion for summary judgment; this belated mention of the ordinance did not present the propriety or constitutionality thereof to the trial court. *See RTKL Assocs., Inc. v. Transcon. Realty Invs., Inc.*, No. 05-11-00786-CV, 2012 WL 6114887, at \*3 (Tex. App.—Dallas Dec. 10, 2012, no pet.) (mem. op.) ("The grounds supporting the grant of summary judgment must be contained in the motion for summary judgment and may not be presented for the first time in a reply to a response to the motion for summary judgment.") (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *Sanders v. Capitol Area Council*, 930 S.W.2d 905, 910 (Tex. App.—Austin 1996, no writ)).

Thus, the record does not include any written pleading, motion, or objection from Norhill addressing the legitimacy of ordinance section 142-82. *Cornelius v. Bank of New York Tr. Co. N.A.*, No. 05-08-01044-CV, 2010 WL 703167, at \*1 (Tex. App.—Dallas Mar. 2, 2010, no pet.) (mem. op.); *see also Bader v. Cox*, 701 S.W.2d 677, 686 (Tex. App.—Dallas 1985, writ ref'd n.r.e.) ("The function of a pleading is to define the issues at trial[.]"). Therefore, Norhill did not preserve its attack on the City's ordinance. *Id.*; *see also* TEX. R. APP. P. 33.1(a)(1). Thus, we are left with nothing to review concerning Norhill's fourth issue. *See Grider v. Bos. Co.*, 773 S.W.2d 338, 346 (Tex. App.—Dallas 1989, writ denied), *disapproved of on other*

*grounds by Texas Com. Bank, N.A. v. Grizzle*, 96 S.W.3d 240 (Tex. 2002). We therefore overrule Norhill's fourth issue.

The absence of an attack on the ordinance and our concomitant inability to review the unchallenged propriety thereof for the first time on appeal also controls Norhill's first three issues. More specifically, we conclude that under the circumstances, the absence of a filed plat based on administrative incompleteness makes it impossible for Norhill to prove (1) it filed an original plat within the meaning of Local Government Code section 212.009(a), (2) it filed a revised plat two months later, and (3) the City's failure to approve or disapprove the unfiled plat within 30 days resulted in the City's automatic approval of the plat by operation of law. Thus, we overrule Norhill's first, second, and third issues on appeal.

## II.   The City did not take Norhill's property.

In its fifth, sixth, and seventh issues, Norhill argues (5) the City's actions constituted an impermissible taking contrary to the United States and Texas constitutions because it prevented Norhill from developing its property in accordance with the plat; (6) the City's ordinance effectively rewrote the Fifth Amendment to the United States Constitution; and (7) the City's taking caused it to suffer damages. We disagree because Norhill's plat application was administratively incomplete, it did not file a plat application within the meaning of Local Government Code section 212.009(a), the City did not reject it, and Norhill did not attack the operative ordinance. *See CPM Tr. v. City of Plano*, 461 S.W.3d 661, 673 (Tex. App.—

Dallas 2015, no pte.) ("In the case before us, appellants do not contest the sign regulations in the City's zoning ordinance, but rather complain about the City's misapplication of certain regulations as to their property. Based on [*City of Houston v.*] *Carlson,* [451 S.W.3d 828, 831 (Tex. 2014)], we conclude appellants have not alleged a taking and the trial court properly granted the City's plea to the jurisdiction respecting appellants' taking claim."). Thus, there was no State action causing a deprivation of or damage to Norhill's property. *See Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 483 (Tex. 2012) ("In 1941, we held that the 'true test' is whether the State's intentional acts 'were the proximate cause of the taking or damaging of such property.'") (citing *State v. Hale*, 136 Tex. 29, 146 S.W.2d 731, 737 (1941)); *cf. Carlson*, 451 S.W.3d at 833 ("[W]here a party objects only to the 'infirmity of the process,' no taking has been alleged."). Based on the absence of a taking, we overrule Norhill's fifth, sixth, and seventh issues.

### III. Norhill's alter ego issue is moot.

In its eighth issue, Norhill argues the trial court erred when it found Norhill was the alter ego of Stephen Selinger, thereby preventing Norhill from recovering damages for the taking because Selinger received approximately $3,700,000 in profits by selling the property. We conclude that under these facts, this issue is moot.

An appellate court is prohibited from deciding a moot controversy. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). The mootness doctrine dictates that courts avoid rendering advisory opinions by only deciding

issues that present a "live" controversy at the time of the decision. *See City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.). We conclude the absence of a taking means Norhill's alter ego argument seeks to obtain a judgment on a controversy that does not exist. Thus, the absence of a taking renders Norhill's alter ego issue moot. *See Young v. Young*, 168 S.W.3d 276, 287 (Tex. App.—Dallas 2005, no pet.).

## IV.    Norhill did not exhaust its administrative remedies.

In its ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth issues, Norhill argues it is entitled to declaratory judgments that (9) state law prohibited the City from requiring a traffic impact analysis because the plat at issue was entirely within the City's extra-territorial jurisdiction; (10) Local Government Code section 212.904(a) required the City to retain a licensed professional engineer to perform a cost study of the infrastructure requirements; (11) the City's minimum lot widths and lot sizes violated state law and were therefore invalid; (12) the City's screening and buffering code provisions violated state law and were therefore invalid; (13) the City improperly required Norhill to obtain building permits because the land at issue was within the City's extraterritorial jurisdiction; and (14) the City's policy of accepting plat submissions one day per week violated state law. The trial court concluded that Norhill's relevant claims were unripe.

Generally, a party must exhaust administrative remedies available under Local Government Code section 211.011 before seeking judicial review of an

administrative official's decision. *See City of Grapevine v. CBS Outdoor, Inc.*, No. 02-12-00040-CV, 2013 WL 5302713, at *4 (Tex. App.—Fort Worth Sept. 19, 2013, pet. denied) (mem. op. on reh'g). The requirement of administrative exhaustion compels a party to "pursue all available remedies within the administrative process before seeking judicial relief." *Lazarides v. Farris*, 367 S.W.3d 788, 798 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (quoting *Larry Koch, Inc. v. Tex. Nat. Res. Conservation Comm'n*, 52 S.W.3d 833, 839 (Tex. App.—Austin 2001, pet. denied)). The Legislature has prescribed a method to review administrative action and a party must follow this method to invoke the jurisdiction of the district court. *Angell v. City of Garland*, No. 05-89-001174-CV, 1991 WL 158667, at *4 (Tex. App.—Dallas Aug. 14, 1991, writ dism'd w.o.j.) (citing *Texas Catastrophe Property Ins. Ass'n v. Council of Co-owners of Saida II Towers Condominium Ass'n*, 706 S.W.2d 644, 646 (Tex. 1986); *Stanfield v. Texas Dep't of Pub. Safety*, 422 S.W.2d 14, 17 (Tex. Civ. App.—Dallas 1967, writ ref'd n.r.e.)).

Here, Norhill had the right to request a review of the board's decision. *See* Tex. Loc. Gov't Code § 211.011(a). Because Norhill had this right and failed to exercise it, it failed to exhaust its administrative remedies. *See Hamilton v. Washington*, No. 03-11-00594-CV, 2014 WL 7458988, at *6 (Tex. App.—Austin Dec. 23, 2014, no pet.) (mem. op.) (party did not exhaust his administrative remedies where an appeal was available but rejected as deficient). Thus, the trial court lacked jurisdiction over Norhill's requests for declaratory judgment. *See Badger Tavern LP*

*v. City of Dallas*, No. 05-23-00496-CV, 2024 WL 1340397, at *4 (Tex. App.—Dallas Mar. 29, 2024, no pet.) (mem. op.). Thus, we overrule Norhill's ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth issues on appeal.

*   *   *

Having overruled Norhill's 14 points on appeal, we affirm the judgment of the trial court.

230706f.p05

/Carolyn Wright/
_____
CAROLYN WRIGHT
JUSTICE, ASSIGNED



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

NORHILL ENERGY, LLC.,
Appellant

No. 05-23-00706-CV     V.

CITY OF MCKINNEY, TEXAS,
Appellee

On Appeal from the 429th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 429-05312-
2019.
Opinion delivered by Justice Wright.
Justices Reichek and Nowell
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CITY OF MCKINNEY, TEXAS recover its costs of this appeal from appellant NORHILL ENERGY, LLC.

Judgment entered this 4th day of December, 2024.